UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN D. PAMPLIN,

                              Petitioner,

        v.

BACCA, *et al.*,

                              Respondents.

Case No. 3:19-cv-00651-MMD-WGC

ORDER

Petitioner John D. Pamplin has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court for consideration of Pamplin's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court denies the IFP application and orders Pamplin to show cause why his petition should not be dismissed as untimely.[2]

I.      **BACKGROUND**

        Pamplin challenges a judgment of conviction entered by the Eighth Judicial District Court ("state court") on October 4, 2002, pursuant to which he is still in custody.[3] *See State of Nevada v. John David Pamplin*, Case No. 02C184760. Pamplin pleaded guilty to

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]Pamplin has also filed a motion for appointment of counsel, which the Court defers consideration of until after he has responded to the order to show cause.

[3]The Court takes judicial notice of the online docket records of the state district court and appellate courts. The state courts' docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, no intervening judgment of conviction has been entered in Pamplin's case.

one count of murder and two counts of child abuse resulting in substantial bodily harm and was sentenced to life in prison with the possibility of parole after 20 years and two terms of four to ten years, all to be served consecutively. No direct appeal was taken.

Pamplin previously challenged this same judgment of conviction in federal court. *See Pamplin v. Benedetti*, Case No. 3:08-cv-0007-RCJ-VPC (D. Nev. Filed Jan. 4, 2008). On January 14, 2011, U.S. District Judge Robert C. Jones entered an order and judgment dismissing the petition as unexhausted. Pamplin appealed, and both the district court and the Ninth Circuit declined to issue a certificate of appealability.

In August 2018, Pamplin filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. The state court dismissed the state petition as untimely and procedurally barred, finding that the basis for Pamplin's post-conviction claims had existed for at least 12 years and that was an unreasonable amount of time to wait before bringing a good cause claim. Pamplin appealed, and the Nevada Court of Appeals affirmed the state court's dismissal on October 16, 2019.

## II.    IFP APPLICATION

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Although Pamplin submitted the required form, the supporting documents show he is able to pay the $5.00 filing fee. The Court therefore denies his IFP application. Pamplin has 30 days from the date of this order to have the filing fee sent to the Clerk of Court.

## III.   ORDER TO SHOW CAUSE

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to

screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Here, it appears likely that Pamplin's Petition for Writ of Habeas Corpus (ECF No. 1-1) is untimely and subject to dismissal with prejudice.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Pamplin's conviction became final when the time expired for filing a notice of appeal with Nevada appellate courts, or on November 4, 2002. The federal statute of limitations thus began to run the following day. Accordingly, the limitations period expired 365 days later, or on November 4, 2003.[4]

Although Pamplin filed a state postconviction petition on August 13, 2018, it was filed nearly 15 years after the expiration of the federal statute of limitations and thus could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Even if the state habeas petition had been filed before the statute of limitations expired, however, it would not have tolled the limitations period anyway, as the petition was untimely in the state courts and denied as such. An untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Therefore, absent another basis for tolling or delayed accrual, the statute of

---

[4]Because the 365th day fell on the weekend, Pamplin had until the following Monday, November 4, 2003, to file his federal petition.

limitations expired on or about on November 4, 2003, and Pamplin's petition, filed nearly 15 years later, is untimely on its face. Pamplin must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, Pamplin is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if a petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Thus, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See e.g.*, *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Lott v. Mueller*, 304 F.3d 918, 922–23 (9th Cir. 2002). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation omitted).

Pamplin is further informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Pamplin is further informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means

factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

It is therefore ordered that Pamplin's Application to Proceed *In Forma Pauperis* (ECF No. 1) is denied.

It is further ordered that Pamplin must pay the $5.00 filing fee within 30 days of the date of entry of this order.

The Clerk of Court is directed to mail Pamplin *two* copies of this order. Pamplin must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

It is further ordered that Pamplin must show cause in writing within 30 days of the date of entry of this order why this action should not be dismissed as untimely. If Pamplin does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If Pamplin responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It is further ordered that any assertions of fact Pamplin makes in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence Pamplin filed in the federal record. Pamplin must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

///

///

///

///

It is further ordered that failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED THIS 28th day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE