UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN D. PAMPLIN,

Petitioner,

v.

BACCA, *et al.*,

Respondents.

Case No. 3:19-cv-00651-MMD-WGC

ORDER

Petitioner John D. Pamplin has filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254. This matter comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred, as well as on Pamplin's Motion for Appointment of Counsel (ECF No. 1-2) and Motion for Stay and Abeyance (ECF No. 4). This order follows upon the Court's order to show cause why the petition should not be dismissed as untimely. (ECF No. 3.)

Pamplin challenges a judgment of conviction entered by the Eighth Judicial District Court ("state court") on October 4, 2002, pursuant to which he is still in custody.[1] *See State of Nevada v. John David Pamplin*, Case No. 02C184760. He pleaded guilty to one count of murder and two counts of child abuse resulting in substantial bodily harm and was sentenced to life in prison with the possibility of parole after 20 years and two terms of four to ten years, all to be served consecutively. No direct appeal was taken.

Pamplin previously challenged this same judgment of conviction in federal court. *See Pamplin v. Benedetti*, Case No. 3:08-cv-0007-RCJ-VPC. On January 14, 2011, the court entered an order and judgment dismissing the petition as unexhausted and denying

---

[1]The Court takes judicial notice of the online docket records of the state district court and appellate courts. The state courts' docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, no intervening judgment of conviction has been entered in Pamplin's case.

a certificate of appealability. Pamplin appealed, and the Ninth Circuit declined to issue a certificate of appealability.

In August 2018, Pamplin filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. The state court dismissed the state petition as untimely and procedurally barred, finding that the basis for Pamplin's post-conviction claims had existed for at least 12 years and that was an unreasonable amount of time to wait before bringing a good cause claim. Pamplin appealed, and the Nevada Court of Appeals affirmed the state court's dismissal on October 16, 2019.

Pamplin filed his federal petition on October 25, 2019. (ECF No. 1-1.) Three days later, the Court issued an order to show cause ("OSC") why Pamplin's petition should not be dismissed as untimely. (ECF No. 3.) Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The OSC stated that Pamplin's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on November 4, 2002. The federal statute of limitations expired one year later on November 4, 2003. Although Pamplin filed a state petition in August 2018, it was filed nearly 15 years after the expiration of the federal limitation period and thus could not have tolled an already expired deadline. The OSC clearly stated that Pamplin's federal petition, filed nearly 16 years later, is untimely on its face absent another basis for tolling or delayed accrual. Pamplin was therefore ordered to show cause in writing within 30 days why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

To date, Pamplin has not responded to the OSC. However, on October 30, 2019, he filed a motion requesting a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 4) Federal district courts are authorized to stay an unexhausted

2

petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. However, exhaustion will not cure an expired statute of limitations. In other words, even if Pamplin returned to state court to exhaust his claims, his petition would still be time-barred upon his return to federal court.

Pamplin filed the current petition nearly 16 years after the statute of limitations expired. He has not alleged or established that his circumstances prevented him from filing a federal petition. He has not asserted an entitlement to equitable tolling or delayed accrual. He has not argued that he is actually innocent, much less come forward with new reliable evidence tending to establish actual factual innocence. Accordingly, the petition, filed more than a decade after the expiration of the statute of limitations, is untimely and must be dismissed.

In accordance with the foregoing, it is therefore ordered that Petitioner John D. Pamplin's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed with prejudice as untimely.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

It is further ordered that Pamplin's Motion for Appointment of Counsel (ECF No. 1-2) and Motion for Stay and Abeyance (ECF No. 4) are denied as moot.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

///

///

///

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED THIS 7th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE